John J. Pichinson, Douglas Tinker, Tinker & Muschenheim, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Richard M. Berry, Asst. County Atty., Corpus Christi, for State.

Before FEDERICO G. HINOJOSA, Jr., and KENNEDY and DORSEY, JJ.

**Sylvester T. BURNS, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-91-504-CR.**

Court of Appeals of Texas, Corpus Christi.

June 4, 1992.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an appeal from an order revoking appellant's probation. Appellant raises three points of error. By his first two points of error, appellant complains that the trial court erred in revoking his probation because the petition to revoke failed to state a violation of a condition of probation and alleged only an arrest for illegal conduct. By his third point of error, appellant attacks the original judgment. We agree with appellant's first two points of error and vacate the order revoking appellant's probation.

On April 19, 1989, a jury found appellant guilty of the offense of driving while intoxicated. The trial court assessed punishment at two years' confinement and a $1000.00 fine, probated the confinement for two years, and as a condition of probation, ordered appellant to serve 90 days in the Nueces County jail. The original judgment

and sentence were signed on November 9, 1989. On March 2, 1990, the trial court amended the confinement order, changing the commencement date of the 90 day jail term from July 10, 1989, to March 19, 1990.

On May 3, 1990, the State filed a petition to revoke appellant's probation, alleging that he failed to appear in court, failed to report to his probation officer, failed to obtain a travel permit before leaving Nueces County, and failed to participate in three court-ordered treatment programs. The trial court ordered appellant to appear on September 14, 1990. The record reflects that appellant appeared before the court on September 14, 1990, but does not reflect what action, if any, the court took.

On July 19, 1991, the State filed a second petition to revoke appellant's probation, alleging that:

> On or about the 19th Day of July, A.D. 1991, in Nueces County, State of Texas[,] Sylvester T. Burns, Sr. was arrested and charged with Public Intoxication[,] Assault, and Resisting Arrest, against the peace and dignity of the State.

The trial court ordered appellant to appear and show cause why his probation should not be revoked. On August 7, 1991, appellant moved to dismiss the petition on the ground that it did not allege a violation of any of the conditions of his probation. The trial court overruled the motion, proceeded to hear the petition, and revoked appellant's probation.

■ By his third point of error, appellant attacks the original order of 90 days' confinement as a condition of probation. Appellant argues that a trial court may only assess 30 days as a condition of probation in a misdemeanor case. This question is not properly before the court. Appellant may appeal the revocation order, but may not appeal the underlying conviction. Appellant's right to appeal the underlying conviction was accorded him when he was placed on probation. TEX.CODE CRIM.PROC. ANN. art. 42.12, § 26(b). In fact, appellant appealed the underlying conviction to this court. We dismissed appellant's appeal of the underlying conviction because appellant filed the transcript late, his motion for ex-

tension of time to file the transcript was not timely, and he failed to comply with this court's request to cure the defects. *Burns v. State,* No. 13–89–460–CR, (Tex. App.—Corpus Christi, February 15, 1990, no pet.) (not designated for publication). We subsequently denied appellant's motion to reinstate the appeal because it was not timely filed. Appellant cannot now challenge the underlying conviction. We overrule appellant's third point of error.

■ By his first two points of error, appellant complains that the trial court erred in revoking his probation based on a petition by the State which failed to allege a violation of any condition of his probation. Under these points, appellant argues that the petition failed to notify him of any violation of the conditions of probation. He also contends that if the trial court revoked his probation because it found he violated the laws of the State of Texas, then the court abused its discretion in revoking his probation on grounds not alleged in the petition.

The Court of Criminal Appeals has stated:

> In a probation revocation hearing, the decision whether to revoke rests within the discretion of the trial court. This discretion is not absolute. The trial court is not authorized to revoke probation without a showing that the probationer has violated a condition of the probation imposed by the court. The burden of proof in a probation revocation hearing is by a preponderance of the evidence. (Citations omitted.)

*Forrest v. State,* 805 S.W.2d 462, 464 n. 2 (Tex.Crim.App.1991). A written order revoking probation that recites an invalid ground for revocation may be reformed to reflect valid grounds which were specifically found by the trial court, though the valid finding appears only as an oral finding. *Mazloum v. State,* 772 S.W.2d 131, 132 (Tex.Crim.App.1989) (per curiam).

■ In the present case, the trial court did not orally find that appellant had violated any condition of probation. After hearing evidence and argument, the court stated:

Based on the testimony that I have here, obviously I'm going to order the Defendant's probation revoked and order the Defendant be committed to the Nueces County Jail for 18 months.

The trial court then admonished appellant to recognize that he had an alcohol problem and that only he could help himself. The court's written order revoking probation tracked the language of the petition and included the court's finding that:

On or about the 19th day of July A.D. 1991, in Nueces County, State of Texas[,] Sylvester T. Burns, Sr. was arrested and charged with Public Intoxication, Assault, and Resisting Arrest, against the peace and dignity of the State.

While appellant was ordered, as a condition of probation, not to violate the laws of this State, he was not ordered to avoid arrest. The trial court abused its discretion in revoking appellant's probation without finding that he had violated a condition of his probation. We sustain appellant's first two points of error.

We VACATE the order revoking appellant's probation.