Henry Abbott **CRIDER**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 2–91–352–CR, 2–91–353–CR and 2–91–354–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 10, 1993.

Rehearing Overruled March 30, 1993.

Discretionary Review Refused
June 9, 1993.

---

## OPINION

LATTIMORE, Justice.

In 1987, Henry Abbott Crider was indicted twice for the felony offense of driving while intoxicated (DWI) after having previously been convicted of DWI two or more times. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(e) (Vernon Supp.1993). Both indictments also included the enhancement count of a 1976 conviction for the offense of murder while DWI under former 1925 TEX.PENAL CODE art. 802c.[1] On December 1, 1988, Crider pled "guilty" to the offense charged in both indictments and "true" to the enhancement allegation in both indictments. The trial court assessed punishment at ten years confinement in the Texas Department of Corrections[2] for each conviction. Both sentences were suspended and Crider was placed on probation for ten years for each conviction. The record does not show that Crider appealed either conviction at the time he was placed on probation.

In 1990, Crider was again indicted for the felony offense of DWI after having previously been convicted of DWI two or more times. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(e) (Vernon Supp.1993). This indictment included the same enhancement count of the 1976 conviction for the offense of murder while DWI under article 802c. On July 17, 1991, a jury found Crider guilty of the offense charged and he pled "true" to the enhancement allegation. Based on these findings, the trial court assessed punishment at twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice.

On July 17, 1991, the trial court also heard the State's motion to revoke probation for the two 1988 felony DWI convictions. The trial court granted the State's motion and further ordered that Crider's two ten-year sentences and one twenty-year sentence run consecutively. On October 9, 1991, Crider filed a separate notice of appeal for each of the three convictions

Ronald L. Clower, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Asst. Chiefs of Appellate Sec., Robert F. Foran, Terri Moore, Kenneth Mullen, Asst. Dist. Attys., Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and LATTIMORE, JJ.

1. Act of June 17, 1941, 47th Leg., R.S., ch. 507, § 3, 1941 Tex.Gen.Laws 819, 820, *repealed by* Act of Jan. 1, 1974, 63rd Leg., R.S., ch. 399, § 19.05, 1974 Tex.Gen.Laws 883, 913 (current version at TEX.PENAL CODE ANN. § 19.05(a)(2) (Vernon 1989).

2. Now the Institutional Division of the Texas Department of Criminal Justice.

to challenge the manner in which the trial court assessed punishment. We affirm the trial court.

### Points of Error

In his first point of error, Crider asserts that the trial court erred by enhancing the punishments pursuant to TEX.PENAL CODE ANN. § 12.42(a) (Vernon 1974) instead of the special enhancement provisions in TEX. REV.CIV.STAT.ANN. art. 6701*l*-1 (Vernon Supp.1993). These statutes provide, in pertinent part, as follows:

**§ 12.42. Penalties for Repeat and Habitual Felony Offenders**

(a) If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony.

**Art. 6701*l*-1. Intoxicated driver; penalty**

(e) If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by:

(1) a fine of not less than $500 or more than $2,000; and

(2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.

TEX. PENAL CODE ANN. § 12.42(a) (Vernon 1974); TEX.REV.CIV.STAT.ANN. art. 6701*l*-1(e) (Vernon Supp.1993).

■ In this appeal, Crider is attacking the sentences imposed for all three convictions. As to the two 1988 convictions, however, we find that his complaint is too late. The failure to timely appeal from a conviction resulting in probation waives the right to appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 § 26(b) (Vernon Supp.1993); *Hoskins v. State*, 425 S.W.2d 825, 828 (Tex. Crim.App.1967) (opinion on reh'g); *Sanders v. State*, 657 S.W.2d 817, 819 (Tex.App.— Houston [1st Dist.] 1983, no pet.). Article 42.12 § 26(b) provides, in pertinent part, that:

The right of the probationer to appeal to the Court of Appeals for a review of the trial and conviction, as provided by law, shall be accorded the probationer *at the time he is placed on probation.* When he is notified that his probation is revoked for violation of the conditions of probation and he is called on to serve a sentence in a jail or in an institution operated by the Department of Corrections, he may appeal the revocation.

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 26(b) (Vernon Supp.1993) (emphasis added). Any complaint Crider had as to the sentences assessed, but then suspended, for the 1988 convictions should have been made at the time he was placed on probation.

■ As to the 1991 conviction, we find that the trial court properly enhanced Crider's punishment pursuant to the general enhancement provision in TEX.PENAL CODE ANN. § 12.42(a). A special enhancement provision for a primary offense bars enhancement under a general statute only for prior offenses that could be used within the special provision. *Phifer v. State*, 787 S.W.2d 395, 396 (Tex.Crim.App.1990). The only prior offenses that could be used to enhance a felony DWI pursuant to article 6701/-1 are those included as "an offense under this article." *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*-1(e) (Vernon Supp.1993). The offense used to enhance in this case was a conviction for the offense of murder while DWI under former 1925 TEX.PENAL CODE art. 802c. Article 802c provided, in pertinent part, that:

Any person who drives or operates an automobile ... upon any public road or highway in this State ... while such person is intoxicated or under the influence of intoxicating liquor, and while so driving and operating such automobile ... shall through accident or mistake do another act which if voluntarily done would be a felony, shall receive the punishment affixed to the felony actually committed.

Act of June 17, 1941, 47th Leg., R.S., ch. 507, § 3, 1941 Tex.Gen.Laws 819, 820 (repealed 1974).

The phrase "an offense under this article" is defined by article 6701*l*–1(g) to include "a conviction for an offense under Article 6701*l*–1 or 6701*l*–2, Revised Statutes, as those laws existed before January 1, 1984." TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(g) (Vernon Supp.1993). After tracing both of these articles back through the various amendments to their origins, it is revealed that neither article ever addressed the offense described in article 802c. As such, murder while DWI is not "an offense under this article" and, therefore, is not available for use under the special enhancement provisions of article 6701*l*–1. *See Phifer*, 787 S.W.2d at 397.

Crider argues that the offense of murder while DWI under article 802c is "within the DWI framework of enforcement" because when enacted by the legislature it did not create a separate offense but only a separate punishment. In an attempt to establish this contention, Crider traces article 802c back to its origin and also cites to *Greiner v. State*, 157 Tex.Crim. 479, 249 S.W.2d 601, 605 (1952) where the court stated that "[i]t is true that 802c Vernon's Ann.P.C. is not a murder statute."

This analysis totally ignores the definition of "an offense under this article" in article 6701*l*–1(g). *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(g) (Vernon Supp.1993). The proper inquiry under subsection (g) is whether the conviction in question is for an offense under the current version of article 6701*l*–1 or the *pre*–1984 versions of article 6701*l*–1 or 6701*l*–2; if not, the conviction in question cannot be considered "an offense under this article." *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(g) (Vernon Supp.1993). We have traced article 6701*l*–1 and 6701*l*–2 to their origins and find no mention of the offense of murder while DWI. Crider's first point of error is overruled.

In his second point of error, Crider contends that the trial court erred by cumulating the sentences for the two 1988 convictions because the trial court had "implicitly" promised to sentence him concurrently upon revocation as part of a plea bargain agreement. Crider calls upon "reason and justice" as the grounds for asking this court to impose a condition in the plea agreement that the sentences must run concurrently.

■ It is a general rule that, if a plea agreement fails to address certain matters, a party to the agreement has no right to demand performance of terms not appearing in the agreement or record. *See Ex parte Williams*, 758 S.W.2d 785, 786 (Tex. Crim.App.1988); *Mills v. State*, 799 S.W.2d 447, 449 (Tex.App.—Corpus Christi 1990, pet. ref'd). The evidence Crider relies upon to show an "implicit" promise is the following testimony by the judge who accepted Crider's guilty plea on the two indictments and then assessed punishment:

[ATTORNEY]: All right. Do you recall whether or not there was any discussion one way or the other as to whether the probation in the [two] ten year probations were to run concurrently or consecutively?

[WITNESS]: It is my belief and memory that they were to run concurrently.

. . . .

[THE COURT]: Sir, do you recollect whether there was an agreement concerning whether the sentences were to be served concurrently in the event the probations were revoked?

[WITNESS]: There was no comment on that, that I recall. The thing that stands out to me now, was that he was to—there was several cases, one he was going to be confined in the penitentiary, on the others he was going to have probation. And there was no mention, that I recall, of anything other than probation. And I assume that the probation was going to be concurrent.

This testimony is unfavorable to Crider on the question of whether there was any agreement that Crider's sentences would run concurrently upon revocation of probation. The judge testified that it was his recollection that the agreement did not address the issue of concurrent sentences upon revocation. There being no evidence of any "implicit" promise, we hold that the trial court was within its discretion in cumulating the two sentences after revoca-

**312**

tion of probation. *See McCullar v. State*, 676 S.W.2d 587, 588 (Tex.Crim.App.1984).

■ Crider also asserts that the recent decision in *LaPorte v. State*, 840 S.W.2d 412 (Tex.Crim.App.1992) should control this case. We do not agree. In *LaPorte*, the court of criminals appeals held that if the facts show the proceeding is a single criminal action based upon charges arising out of the same criminal episode, the trial court may not order consecutive sentences. *Id.* at 415. A "single criminal action" exists whenever allegations and evidence arising out of the same criminal episode are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several. *Id.* The same "criminal episode" exists whenever two or more offenses are the repeated commission of the same or similar offenses. TEX.PENAL CODE ANN. § 3.01(2) (Vernon Supp.1993).

In the instant case, the proceeding on July 17, 1991 was not a "single criminal action" within the meaning given that phrase in *LaPorte* because the State did not allege or present evidence of the commission of more than one offense. On July 17, Crider was convicted and sentenced for the 1990 DWI offense, but the action taken to revoke his probation on the 1988 convictions was only administrative. *See Bowen v. State*, 649 S.W.2d 384, 386 (Tex.App.— Fort Worth 1983, pet. ref'd). The commission of those earlier offenses was not even an issue at the probation revocation hearing. Instead, the only result of that hearing was a finding upon which the trial court could exercise its discretion by revoking or continuing probation. *See id.* Thus, we find that *LaPorte* is not applicable to a proceeding in which a sentence is imposed for a newly charged offense and probation is revoked for an offense of which the defendant had been previously convicted. Crider's second point of error is overruled.

The judgment of the trial court is affirmed.