NUMBER 13-02-726-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ISRAEL RICARDO ROBLES, A/K/A BENJAMIN 
REYES, A/K/A BENJAMIN LOPEZ REYES,                            Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 103rd District Court 
of Cameron County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez

         Appellant, Israel Ricardo Robles, a/k/a Benjamin Reyes, a/k/a Benjamin Lopez
Reyes, was indicted for burglary of a habitation. Appellant waived his right to a jury
trial and entered a plea of guilty. The trial court found appellant guilty, assessed
punishment at ten years imprisonment, probated for ten years, and placed appellant
on community supervision. Appellant did not appeal at that time. Subsequently, the
State filed a motion and an amended motion to revoke appellant's probation. 
Appellant waived his right to a hearing and pleaded "true" to the allegation that he
returned to the United States illegally.


 The trial court found appellant had violated the
terms of his community supervision, revoked appellant's probation, and assessed
punishment at ten years imprisonment. Appellant appeals from that judgment. The
trial court has certified that this case "is not a plea bargain case, and the defendant
has the right of appeal." See Tex. R. App. P. 25.2(a)(2).
         Appellant's attorney filed a brief in which he concluded the appeal is wholly
frivolous and without merit. Appellant has filed a pro se brief asserting ineffective
assistance of counsel as his sole issue. We affirm the trial court's judgment.
I. Facts
         This is a memorandum opinion not designated for publication, and the parties
are familiar with the facts. Therefore, we will not recite the facts except as necessary
to advise the parties of the Court's decision and the basic reasons for it. See Tex. R.
App. P. 47.4.
II. Anders Brief
         Appellant's court-appointed counsel filed a brief in which he has concluded the
appeal is frivolous. Anders v. California, 386 U.S. 738, 744 (1967). Counsel's brief
meets the requirements of Anders. Id. at 744-45; see High v. State, 573 S.W.2d
807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with Anders, counsel
presented a professional evaluation of the record and referred this Court to what, in
his opinion, is the only possible error in the record that might arguably support an
appeal. See Anders, 386 U.S. at 744; High, 573 S.W.2d at 812; Currie v. State, 516
S.W.2d 684, 684 (Tex. Crim. App. 1974). Counsel certified to this Court that: (1)
he diligently reviewed the record for error and researched the law applicable to the
facts and issues contained therein; (2) he was unable to find any error which would
arguably require a reversal of the trial court's judgment; (3) in his opinion, the appeal
is without merit and is frivolous; (4) he served a copy of this brief on appellant with
a letter informing appellant of his right to examine the entire appellate record and to
file a brief on his own behalf. See Anders, 386 U.S. at 744-45; see also Stafford v.
State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991); High, 573 S.W.2d at 813.
III. Jurisdiction
         As directed by Anders, counsel raises one possible issue for our review: the
trial court did not have jurisdiction over appellant because at the time of the alleged
offense, appellant was a juvenile, subject to the jurisdiction of the juvenile court. The
appeal from an order revoking probation is limited to the propriety of the revocation. 
Corley v. State, 782 S.W.2d 859, 861 (Tex. Crim. App. 1989); see Burns v. State,
832 S.W.2d 695, 696 (Tex. App.–Corpus Christi 1992, no pet.). We may, however,
review the original conviction if it is void. See Corley, 782 S.W.2d at 861. 
         In this case, appellant is challenging the jurisdiction of the district court. Under
article 4.18 of the Texas Code of Criminal Procedure, a claim that the district court
does not have jurisdiction over a party because the jurisdiction is in juvenile court must
be made by a timely-filed written motion, or it is waived. See Tex. Code Crim. Proc.
Ann. art. 4.18 (Vernon Supp. 2004). Counsel notes appellant did not, however,
challenge the trial court's jurisdiction. Without filing a written motion, appellant
entered a plea of guilty, thereby waiving any challenge to the court's jurisdiction. See
Rushing v. State, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002) (article 4.18 prevents
claim of underage from being raised in any context if statute's preservation
requirements not met). Because appellant did not comply with the requirements of
article 4.18, he failed to preserve any complaint for appeal. See id. Based on this
analysis, counsel is of the opinion that this issue is without merit. We agree.
III. Ineffective Assistance of Counsel
         Appellant filed a pro se brief and, by a single issue, complains of ineffective
assistance by his trial counsel. Specifically, appellant asserts that, at the time of trial,
he was thirteen years of age, and because his trial counsel failed to object and
preserve appellant's juvenile rights, counsel was ineffective.
         The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s sixth amendment right to counsel. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55
(Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus
Christi 2000, no pet). To establish ineffective assistance of counsel, appellant must
show: (1) his attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.–Corpus Christi 2000, pet.
ref’d). In assessing a claim of ineffective assistance of counsel, there is a strong
presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001). In the absence of evidence of counsel’s reasons for the challenged conduct,
an appellate court will assume a strategic motivation and will not conclude the conduct
was deficient unless the conduct was so outrageous that no competent attorney
would have engaged in it. See Ex parte Cruz, 739 S.W.2d 53, 59 (Tex. Crim. App.
1987); Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Moreover,
a claim of ineffective assistance of counsel must be firmly supported by the record. 
Ex parte Cruz, 739 S.W.2d at 59.



         Based on the record before us, we conclude that appellant has failed to establish
that his trial counsel was ineffective. At the revocation hearing, appellant testified he
was born November 7, 1985 and was thirteen in 1999 when he pleaded guilty to the
burglary charge. Prior to the revocation hearing, however, the trial court
communicated by letter to counsel for the State and for appellant. The court informed
counsel that it was "clear from the evidence introduced at the [plea] hearing [on
October 1, 1999,] that [Reyes aka Robles] had given the police a 1980 birth date
which would have made him 18 at the time of the offense and 19 at the time of the
plea. The same date also appears on the pre-sentence investigation report." This
letter from the court appears in the appellate record as does an investigator's report
dated July 29, 1999, where appellant is described as looking "younger than his age." 
Also the court's information sheet completed approximately a week after the plea
hearing reported appellant's birth date as August 5, 1980. We further note that on
cross-examination at the revocation hearing, appellant acknowledged that he has used
several different names: (1) Benjamin Reyes when in the Texas Youth Commission;
(2) Lopez in county jail; (3) Israel Robles when on probation "because immigration gave
[him] that name;" (4) Benjamin Reyes when he "reported in Harlingen PD;” and, in
Florida, Benjamin Lopez Reyes when arrested for stealing a car and deported. 
Appellant did not dispute that he also used different birth dates with each name. At
the revocation hearing counsel for the State also reported she believed "the juvenile
probation department determined [appellant's] date of birth was August 5th of 1985. 
However, based on the record before us, we do not know whether counsel had
accurate information regarding appellant's date of birth, information upon which he
could have made a decision to file a motion regarding jurisdiction in juvenile court.
         Therefore, due to the lack of evidence in the record concerning trial counsel's
reasons for not challenging jurisdiction, we are unable to conclude that trial counsel's
performance was deficient. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). Appellant has not rebutted the presumption he was adequately
represented, see Garcia, 57 S.W.3d at 440, and his ineffective assistance of counsel
argument fails.
III. Independent Review of Record
         The Supreme Court advised appellate courts that upon receiving a “frivolous
appeal” brief, they must conduct “a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous.” Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the propriety of the revocation and the
validity of the original conviction. See Corley, 782 S.W.2d at 861. We have found
nothing that would arguably support an appeal. See Stafford, 813 S.W.2d at 509. 
We agree with counsel that the appeal is wholly frivolous.
IV. Conclusion
         We conclude the appeal is without merit. The judgment of the trial court is
AFFIRMED.
         Additionally, we order counsel to notify appellant of the disposition of his appeal
and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997).
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed this
20th day of May, 2004.