

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00136-CR

**LUTHER DAVID WITTE, JR.,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

---

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. F34316**

---

## MEMORANDUM OPINION

---

Luther David Witte appeals from the revocation of his community supervision for "Injury to an Elderly Person with Intent to Cause Serious Bodily Injury." Witte's community supervision was revoked because he failed to submit to drug and urinalysis screening on several occasions. He contends in his sole issue that the court abused its discretion by permitting the State to introduce evidence of extraneous crimes or bad acts during the punishment phase of the revocation hearing. We will affirm.

The revocation motion alleged three technical violations for failure to submit to urinalysis screenings to which Witte pled "not true." The State called three individual community supervision officers who testified about Witte's failure to comply with the terms of his community supervision as alleged in the revocation motion. Witte's supervision officer testified that when Witte came in for testing on January 23, 2007, he refused to give a urine sample and left without giving a sample. Daniel Galvan, another probation officer, testified that on January 24, 2007, Witte attempted to use a hidden plastic baggie filled with an unknown liquid to tamper with his urine sample. Galvan further testified that after discovering Witte's tampering attempt, he took him to a supervisor, where Witte admitted in writing that he had used cocaine and alcohol on January 11, 2007. At the conclusion of the true-or-not-true phase of the hearing, the trial court found that Witte violated the terms and conditions of his community supervision. During the punishment phase, the trial court heard evidence of several unadjudicated offenses that Witte allegedly engaged in after he was originally placed on probation.

Don Beeson, a former detective with the Johnson County Sheriff's Office testified that in the summer of 2005, he was approached by Ron Shelton about an attempted burglary at his house. Shelton, a security specialist, showed Beeson a tape from the security cameras on his property. The video depicted a masked person walking around Shelton's property and attempting to gain entry into Shelton's windows and garage. On February 24, 2006, Beeson asked Witte if he would come in to discuss a few matters. Witte agreed and came in voluntarily. After Witte was given *Miranda* warnings, he admitted to being the masked person on the tape. In reference to another incident,

Detective Steve Shaw testified that in an investigation of a public lewdness claim, Witte admitted to engaging in a sexual activity with a horse.

Witte's argument on appeal centers on his assertion that the trial court improperly considered evidence of unadjudicated offenses while assessing his punishment. This, argues Witte, led the court to assess a harsher punishment. Witte claims that evidence of these unadjudicated bad acts was inadmissible because his statements were made as a result of an unrecorded custodial interrogation, and as such failed to meet the requirements of Article 38.22. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3 (Vernon 2005). He also says the evidence admitted is legally and factually insufficient to sustain the State's burden.

In a community supervision revocation hearing, the State must prove a violation of the terms and conditions of community supervision by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Once a violation is found, the decision to either continue the defendant on community supervision or revoke community supervision rests within the discretion of the trial court. *Forrest v. State*, 805 S.W.2d 462, 464 n.2 (Tex. Crim. App. 1991); *De Gay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987); *Burns v. State*, 832 S.W.2d 695, 696 (Tex. App.—Corpus Christi 1992, no pet.). Consequently, the only issue presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. [Panel Op.] 1980); *Guzman v. State*, 923 S.W.2d 792, 795 (Tex. App.—Corpus Christi 1996, no pet.).

As stated above, Witte argues that the trial court erred in considering inadmissible extraneous offense evidence in assessing his punishment. We disagree.

Beyond the contested statements, the trial court heard evidence that because of his numerous transgressions while on probation, Witte had the terms and conditions of his supervision modified several times. Although he had already completed a substance abuse program (SAFPF), Witte's probation was modified on May 1, 2003, to require him to attend and successfully complete an additional drug-treatment program. Witte, however was kicked out of the drug-treatment program on September 28, 2003. The terms and conditions of Witte's community supervision were again modified on January 28, 2004. According to the amended order, Witte was required to attend SAFPF a second time after he finished serving his first shock probation term for burglary of a building. Although Witte successfully completed SAFPF, the State filed another motion to revoke because Witte failed to successfully complete his aftercare treatment program and had committed five new offenses. As a result, on June 20, 2006, Witte's probation was revoked but he was again placed on shock probation. Moreover, Witte admitted at the hearing that he still had a serious drug problem.

Additionally, our review of the record reveals that Witte's statements to Beeson and Shaw were not the result of a custodial interrogation. The record reflects that on both occasions (1) Witte went to the authorities voluntarily; (2) he was not physically restrained, and (3) he was not told he was under arrest or that he was not free to leave. Considering the totality of the circumstances under the *Dowthitt* framework, we hold that the questioning of Witte on the attempted burglary and public lewdness allegations

was not a custodial interrogation and therefore admissible. *See Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996) (in determining whether a noncustodial encounter has escalated into custodial interrogation, we look to the four factors: (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when law enforcement officers tell a suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave). Consequently, the trial court did not abuse its discretion by revoking Witte's probation or failing to reduce his original ten-year sentence.

We overrule Witte's sole issue and affirm the judgment.


BILL VANCE
Justice


Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray concurs in the judgment with a note)*
Affirmed
Opinion delivered and filed December 17, 2008
Do not publish
[CR25]

*(Chief Justice Gray concurs in the judgment of the court to the extent that it affirms the trial court's judgments. A separate opinion will not issue.)