ACCEPTED
06-15-00102-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/9/2015 1:48:30 PM
DEBBIE AUTREY
CLERK

**No. 06-15-00101-CR,**
**No. 06-15-00102-CR**
**No. 06-15-00103-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/9/2015 1:48:30 PM
DEBBIE AUTREY
Clerk

**IN THE**
**COURT OF APPEALS**
**FOR THE**
**SIXTH COURT OF APPEALS DISTRICT**
**OF TEXAS**
**AT TEXARKANA TEXAS**

**JEREMY JERMAINE HODGE**
                                        **Appellant**

**V.**

**THE STATE OF TEXAS**
                                        **Appellee**

**Appealed from**
**The County Court at Law of Panola County, Texas**
**Trial Court No.s 2012-C-0096, 2012-C-0097, and 2012-C-0098**

**BRIEF FOR THE STATE OF TEXAS, APELLEE**

**Rick McPherson**
**Attorney at Law**
**418 West Sabine Street**
**Carthage, Texas 75633**
**Tel: (903) 693-7143**
**Fax:(903) 693-3038**
**mcphersonlaw@hotmail.com**

**Attorney for The State of Texas**

## IDENTITY OF PARTIES AND COUNSEL

<u>Jeremy Jermaine Hodge</u>
Appellant

<u>Kyle Dansby</u>
Counsel for Appellant
P.O. Box 1914
Marshall, Texas 75671

<u>Danny Buck Davidson</u>
Criminal District Attorney, Panola County, Texas
Trial Counsel for the State
Judicial Building Ste. 301
108 South Sycamore
Carthage, Texas 75633-2524

<u>Rick McPherson</u>
Appellate Counsel for the State
418 West Sabine Street
Carthage, Texas 75633

# TABLE OF CONTENTS

Identity of Parties and Counsel ...................................................................................i

Table of Contents ...................................................................................................... ii

Index of Authorities ................................................................................................. iii

Statement of the Case ..................................................................................................1

Issue Presented ............................................................................................................1

Statement of Facts .......................................................................................................2

Summary of the Argument...........................................................................................4

Argument......................................................................................................................5

    Issue One (restated)

    AFTER REVOKING HIS COMMUNITY SUPERVISION, DID THE TRIAL COURT ABUSE ITS DISCRETION BY REFUSING TO REDUCE APPELLANT'S SENTENCE FROM TWO YEARS TO SOME LESSER PERIOD OF TIME .................................................................5

    Issue Two (restated)

    IN AN APPEAL FROM REVOCATION OF HIS COMMUNITY SUPERVISION, CAN THE APPELLANT COMPLAIN THAT HIS SENTENCE IS GROSSLY DISPROPORTIONATE TO THE CRIMES..................................................10

Prayer .........................................................................................................................13

Certificate of Word Count .........................................................................................13

Certificate of Service .................................................................................................14

# INDEX OF AUTHORITIES

## Cases

*Amado v. State*
983 S.W.2d 330 (Tex. App. – Houston [1st Dist.] 1998, pet. ref'd) .........................6

*Burns v. State*
832 S.W.2d 695 (Tex.App.--Corpus Christi 1992, no pet.)....................................10

*Corley v. State*
782 S.W.2d 859 (Tex.Crim.App.1989) ...............................................................10

*Crider v. State*
848 S.W.2d 308 (Tex. App. – Ft. Worth 1993, pet. ref'd) .....................................11

*Dears v. State*
154 S.W.3d 610 (Tex.Crim. App. 2005) ..............................................................12

*Delacruz v. State*167 S.W.3d 904
(Tex.App.—Texarkana 2005, no pet.)..................................................................10

*Ex Parte Chavez*, 213 S.W.3d 320
(Tex. Crim. App. 2006)........................................................................................6

*Fluellen v. State*
71 S.W.3d 870 (Tex. App. – Texarkana 2002, no pet.)............................................9

*Harmelin v.  Michigan*
501 U.S. 957(1991)..............................................................................................7

*Hoskins v. State*
425 S.W.2d 825 (Tex.Crim.App.1967) ................................................................10

*Jackson v. State*, 989 S.W.2d 842
(Tex. App. – Texarkana 1999, no pet.)...................................................................7

*Jordan v. State*, 495 S.W.2d 949
(Tex. Crim. App. 1973).........................................................................................6

*Latham v. State*, 20 S.W.3d 63
(Tex.App. - Texarkana 2000, pet. ref'd)....................................................................10

*McGruder v. Puckett*
954 F.2d 313 (5th Cir.), cert. denied, 506 U.S. 849 (1992).......................................7

*Mizell v. State*
119 S.W.3d 804 (Tex. Crim. App. 2003) ...............................................................11

*Mullin v. State*
208 S.W.3d 469 (Tex. App. – Texarkana 2006, no. pet.)...........................................8

*Rickels v. State*
202 S.W.3d 759 (Tex. Crim. App. 2006) ...............................................................6

*Solem v. Helm*
463 U.S. 277 (1983).................................................................................................8

*Stafford v. State*
63 S.W.3d 502 (Tex.App. - Texarkana 2001, pet. ref'd).........................................10

## Statutes, Codes, Rules

Tex. Code Crim. Pro. Art. 42.12 §23(b) .............................................................10, 11

Tex. Pen. Code §12.35(a) ...................................................................................11
Tex. Pen. Code §30.02(c)(1)...............................................................................11
Tex. Pen. Code §32.31(d) ...................................................................................11

Tex. R. App. P. 25.2(d).........................................................................................12

## STATEMENT OF THE CASE

This is an appeal from judgments revoking Appellant's community supervision in three cases filed in the County Court at Law of Panola County, Texas. On January 27, 2015, the State filed motions to revoke the community supervision of Jeremy Jermaine Hodge in all three cases (CR 20)[1]. Following a hearing, the Court found that Appellant had violated the terms of his community supervision, ordered that his community supervision be revoked and that he serve the concurrent sentences of two years in state jail that had been previously imposed, and then suspended, in each case (3RR 47:21-48:14). The Appellant filed a motion for new trial which was denied. He thereafter perfected his appeal to this Court.

## ISSUES PRESENTED

### ISSUE NO. ONE

**AFTER REVOKING HIS COMMUNITY SUPERVISION, DID THE TRIAL COURT ABUSE ITS DISCRETION BY REFUSING TO REDUCE APPELLANT'S SENTENCE FROM TWO YEARS TO SOME LESSER PERIOD OF TIME**

---

[1] There are, in fact, three clerk's records – one for each of the three cases. The three records are identically paginated, and the documents contained therein are the same. Individual documents vary from record to record only to the extent necessitated by the different crimes charged and the facts peculiar to each. References to the clerk's record include all three, unless specifically noted.

1.

## ISSUE NO. TWO

**IN AN APPEAL FROM REVOCATION OF HIS COMMUNITY SUPERVISION, CAN THE APPELLANT COMPLAIN THAT HIS SENTENCE IS GROSSLY DISPROPORTIONATE TO THE CRIMES COMMITTED**

## STATEMENT OF FACTS

On June 27, 2012, Appellant, Jeremy Jermaine Hodge, entered pleas of guilty in three felony cases: Cause No. 2012-C-0096, in which he was charged with burglary of a building, Cause No 2012-C-0097, in which he was charged with credit or debit card abuse, and Cause No. 2012-C-0098, which was also a credit card abuse case (2RR5:5; CR 6).

The Appellant's pleas of guilty were entered, pursuant to plea bargain agreements with the State (CR 6). The Court approved the plea bargain agreement in each case. Pursuant to the plea bargain agreements, the Defendant was found guilty in all three cases and sentenced to 2 years confinement in the Texas Department of Criminal Justice, State Jail Division. The court ordered that the sentences run concurrently, and that each be probated for 4 years (CR 14). As part of the plea bargain agreement, the Defendant waived his right to appeal (CR 10),

and the Court duly certified that each case was a plea bargained case and the defendant had no appellate rights (CR 12).

Thereafter on January 27, 2015, the State filed motions to revoke community supervision in all three cases (CR 20). The motions to revoke alleged that Appellant had been found in possession of controlled substances, had tested positive for marijuana, opiates, and benzodiazepine, had failed to report as ordered, and was delinquent 54.75 hours of community service (2RR 6:12-7:6; CR 21). Following a hearing, the court found that Appellant violated the terms of his probation by testing positive for illegal drugs one time, and by failing to report four times (3RR 49:9-14). The court revoked Appellant's probation, and sentenced him to 2 years in state jail (3RR 47:21-48:14).

Appellant filed a motion for new trial (CR 28), which was denied (CR 39). This appeal results. Appellant concedes that the court properly found two violations of probation.[2] The only claim he raised in his motion for new trial, and in this appeal, is his contention that his sentence – two years confinement in state jail (CR 26) – amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution because it is grossly disproportionate to the crimes charged.

---

[2] See Appellant's Brief, Page 11

3.

# SUMMARY OF THE ARGUMENT

## Summary of the Argument – Issue No. 1

The standard of review in probation revocation cases is abuse of discretion. In analyzing a sentence to determine whether it is grossly disproportionate, the court first compares the gravity of the offense with the severity of the sentence. If, and only if, that comparison leads to an inference that the sentence is grossly disproportionate, the court goes on to compare the sentence imposed to sentences for the same or similar crimes in Texas and other jurisdictions.

Appellant's sentences were not unduly severe given the gravity of the crimes because 1) Appellant was charged with burglary of a building and credit card abuse; 2) there were a total of three cases; 3) there were victims to whom Appellant was ordered to make restitution; 4) Appellant was sentenced within the penalty range, and 5) Appellant agreed to the sentences.

Appellant presented no evidence of sentences for the same or similar crimes in other jurisdictions. Appellant's evidence of reduced sentences in other revocation cases is not germane to the issue of whether his sentence was disproportionate.

The court did not abuse its discretion in refusing to reduce Appellant's sentence.

**Summary of the Argument – Issue No. 2**

Appellant may appeal his conviction and punishment at the time of his conviction. At the time his probation is revoked, Appellant may appeal only the revocation. Appellant agreed to the punishment and waived his right to appeal at the time he was originally convicted. At the time of his conviction, the court certified that these were plea bargained cases, and the Appellant had no right to appeal. Had he attempted to appeal at the time he was convicted, his appeal should have been dismissed for want of jurisdiction. Because he has no right to appeal his punishment at this time, and he had no right to appeal at the time he was convicted, Appellant's appeal should be dismissed for want of jurisdiction.

**ARGUMENT**

**ISSUE NO. ONE**
**(restated)**

**AFTER REVOKING HIS COMMUNITY SUPERVISION, DID THE TRIAL COURT ABUSE ITS DISCRETION BY REFUSING TO REDUCE APPELLANT'S SENTENCE FROM TWO YEARS TO SOME LESSER PERIOD OF TIME**

Appellant does not challenge the sufficiency of the evidence supporting the court's judgment revoking his community supervision. He admits that the trial court properly found he violated the terms of his probation. His sole complaint on appeal

5.

is that he was sentenced to two years in state jail for what he describes as "technical violations" of his probation.[3]

Appellate courts review a trial court's order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The reviewing court examines the evidence in the light most favorable to the trial court's order. Id. The trial court's sentencing decisions in revocation hearings are subject to abuse of discretion review. See *Amado v. State*, 983 S.W.2d 330, 332 (Tex. App. – Houston [1st Dist.] 1998, pet. ref'd).

Although it is not explicitly stated or argued, it appears Appellant is trying to establish that the trial court's refusal to reduce his sentence from two years to some lessor period of time is an abuse of discretion because it results in a sentence that is grossly disproportionate to the crimes charged.

The Court of Criminal Appeals has described the Eighth Amendment concept of gross disproportionality, as "very limited, 'exceedingly rare,' and somewhat amorphous." See *Ex Parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Texas courts have traditionally held that as long as the punishment assessed is within the penalty range prescribed by the legislature, the punishment is not excessive, cruel or unusual. See *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). But,

---

[3] See Appellant's Brief, Page 9

even a sentence within the penalty range runs afoul of the constitution, if an appellant can show it is grossly disproportionate to the crime charged. *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App. – Texarkana 1999, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420-21 (Tex. App. – Dallas 1994, pet. ref'd).

In analyzing a sentence to determine whether it is grossly disproportionate, the appellate court must first compare the gravity of the offense with the severity of the sentence. Only if that comparison leads to an inference that the sentence is grossly disproportionate does the court go on to consider the sentences for the same or similar crimes in Texas, and other jurisdictions. See *Harmelin v. Michigan*, 501 U.S. 957, 991-93 (1991); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849 (1992); *Lackey v. State*, supra at 420-21; *Jackson v. State*, supra at 846.

Appellant argues that two years is excessive punishment for failing to report four times and testing positive for illegal drugs once. This misstates the case. He was not sentenced to two years for failing to report and testing positive for drugs. He was sentenced to two years for burglarizing a building and using somebody else's credit card. Therefore, the proper analysis compares the severity of his sentence to the gravity of those crimes, for which he was indicted, convicted and sentenced.

When the proper comparison is made, it is clear that the Appellant does not meet the threshold standard. The Appellant was sentenced within the penalty range

for three different felonies. Those crimes had victims to whom Appellant was ordered to pay restitution totaling $2,185.42 (CR 6)[4]. The restitution figure in Cause No. 2012-C-0096, included restitution[5] in for yet a fourth case that was taken into consideration (CR 6). And most telling, the Appellant didn't think the sentences were unduly harsh. There were plea bargains in these cases. Mr. Hodge bargained for and agreed to the sentences imposed (CR 6; CR14). Given the gravity and number of the crimes, the injury to innocent victims, and Appellant's agreement to the sentences imposed, this Court should find that the Appellant has not met the threshold test by establishing an inference that the sentences were grossly disproportionate. See *Solem v. Helm*, 463 U.S. 277, 290-91 (1983).

Having failed to meet the threshold standard, the argument should be at an end. See *Mullin v. State*, 208 S.W.3d 469, 470 (Tex. App. – Texarkana 2006, no. pet.). However, in the event the Court finds it needs to proceed with an analysis of the evidence comparing sentences in this and other jurisdictions, the State will comment briefly on the evidence produced at the hearing on Appellant's motion for new trial.

The evidence of sentences imposed for similar crimes in other jurisdictions requires no discussion because there was none. Appellant did attempt to compare

---

[4] $1,778.05 in Cause No. 2012-C-0096, $300.00 in Cause No. 2012-C-0097, and $107.37 in Cause No. 2012-C-0098.
[5] $ 497.92 restitution in Case No. 27395-C (CR 6 in 2012-C-0096)

his sentence to sentences in other Panola County cases. But instead of comparing his sentences for burglary of a building and credit card abuse to other sentences for the same crimes, he compares his sentences to sentences imposed in other probation revocation cases. The documentary evidence he offered – eight judgments revoking probation,[6] two judgments adjudicating guilt,[7] and a criminal case disposition report[8] – involved a wide range of crimes, none of which was credit card abuse, and only three of which were burglaries. He offered no evidence concerning the basis of the motions to revoke filed in these cases, the evidence supporting them, whether or not they involved plea bargains, or the many factors influencing the offer and acceptance of plea bargains. No meaningful comparison can be made between Appellant's sentences and those imposed in the cases he cited to the trial court. Appellant has not brought forth a record on which his case can be properly evaluated. *Fluellen v. State*, 71 S.W.3d 870, 873 (Tex. App. – Texarkana 2002, no pet.)

There is no showing that the sentences in these cases are unduly harsh. There is no meaningful comparison between these sentences and other sentences in Texas for the same crimes. There is no evidence of sentences imposed in other jurisdictions for the same or similar crimes. Appellant has failed to show that the court abused its discretion in declining to reduce his sentence. His claim of gross

---

[6] Defendant's Exhibits 2, 3, 4, 6, 7, 8, 9, 10, and 11
[7] Defendant's Exhibits 1 and 5
[8] Defendant's Exhibit 12

disproportionality should be overruled.  See *Delacruz v. State*, 167 S.W.3d 904, 906 (Tex.App.—Texarkana 2005, no pet.); *Latham v. State*, 20 S.W.3d 63, 69 (Tex.App. - Texarkana 2000, pet. ref'd)

**ISSUE NO. TWO**
**(restated)**

**IN AN APPEAL FROM REVOCATION OF HIS COMMUNITY SUPERVISION, CAN THE APPELLANT COMPLAIN THAT HIS SENTENCE IS GROSSLY DISPROPORTIONATE TO THE CRIMES COMMITTED**

Arguing further, the State contends that Appellant cannot complain of his sentence in an appeal from revocation of his community supervision, and more than that, respectfully submits that this Court is without jurisdiction to hear this case.  In an appeal from a judgment revoking community supervision, an appellant is limited to complaints about the propriety of the revocation itself. *Corley v. State*, 782 S.W.2d 859, 860 (Tex.Crim.App.1989); *Hoskins v. State*, 425 S.W.2d 825, 828 (Tex.Crim.App.1967). An appellant's right to appeal the underlying conviction is accorded him when he was placed on probation. *Burns v. State*, 832 S.W.2d 695, 696 (Tex.App.--Corpus Christi 1992, no pet.).  *Stafford v. State*, 63 S.W.3d 502, 508 (Tex.App. - Texarkana 2001, pet. ref'd).   His right to raise issues concerning his sentence must be exercised at that time.  Tex. Code Crim. Pro. Art. 42.12 §23(b) provides that, "The right of a defendant to appeal for a review of the conviction *and*

10.

*punishment*, as provided by law, shall be accorded the defendant at the time he is placed on community supervision." (emphasis added).  Section 23(b) goes on to say that when the defendant is notified that his community supervision is revoked, ".  .  . he may appeal the revocation."

Appellant concedes the evidence supported the court's judgment revoking his probation.  His sole ground of error is that his punishment was so unduly harsh that it was disproportionate to the crimes charged.  If Appellant felt that his punishment was cruel and unusual because it was grossly disproportionate, or for any other reason, he should have raised that issue when he was convicted and sentenced.  He does not have the right to raise such issues months or years later when his court ordered community supervision is revoked. See *Crider v. State*, 848 S.W.2d 308, 310 (Tex. App. – Ft. Worth 1993, pet. ref'd).

Since he did not appeal at the time he was originally sentenced he can only raise the issue now, if the sentence was outside the penalty range and therefore illegal.  *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).  Burglary of a building[9] and credit card abuse[10] as alleged in this case are both state jail felonies, for which the maximum punishment is two years confinement in state jail.[11]  The

---

[9] Tex. Pen. Code §30.02(c)(1)
[10] Tex. Pen. Code §32.31(d)
[11] Tex. Pen. Code §12.35(a)

punishment assessed in this case was legal because it was not outside the penalty range.

There is nothing in the record to indicate that the Appellant tried to appeal his sentence at the time of his conviction. The fact is that he entered into plea bargain agreements in these cases (CR 6). In all three cases, he plead guilty and he agreed to the two-year sentences (CR 14). Moreover he waived his right to appeal (CR10). The trial court certified that he had no right to appeal (CR 12).

Had the Appellant tried to appeal at the time he was convicted and sentenced, the proper course on the part of this Court would have been to dismiss the appeal for want of jurisdiction because the certification or right to appeal required by Tex. R. App. P. 25.2(d) was not in the record. In fact, the trial court's certification affirmatively shows that Mr. Hodge has waived his right of appeal, and there is nothing in the record that reflects that the certification is incorrect, See *Dears v. State*, 154 S.W.3d 610, 615 (Tex.Crim. App. 2005). He has no right to complain about his sentence now, and he waived his right to complain about it then. Logic would indicate that dismissal would be the proper course now.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State of Texas, Appellee, respectfully prays that the judgments revoking community supervision in the subject cases, be in all things confirmed. Appellee prays for such other and further relief to which it may show itself entitled.

RESPECTFULLY SUBMITTED,

DANNY BUCK DAVIDSON
Criminal District Attorney
Panola County Courthouse Annex, Ste. 301
108 S. Sycamore St.
Carthage, TX 75633
Telephone: (903) 693-0310
Telecopier: (903) 693-0368

BY: _____
Rick McPherson
State Bar No. 13844500
mcphersonlaw@hotmail.com
Attorney for the State of Texas

**Certificate of Word Count**

I, the undersigned attorney for the State of Texas, Appellee, certify that Appellee's brief contains 3,304 words.

_____
Rick McPherson

13.

## Certificate of Service

A copy of the above and foregoing Brief of Appellee is being provided to all counsel of record on January 9, 2015 as follows: Kyle Dansby at kdansbylaw@gmail.com.

_____
Rick McPherson
Attorney for Appellee

14.