

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00101-CR

JEREMY JERMAINE HODGE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2012-C-0096

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Jeremy Jermaine Hodge does not challenge the revocation of his community supervision regarding any of his three convictions—burglary of a building in this case and credit card abuse in two companion cases. His appeal in each of the three cases claims only that the resulting sentence is grossly disproportionate to the violations for which his community supervision was revoked. We affirm the judgment of the trial court in this case, because we lack jurisdiction to address his claim on appeal.[1]

In 2012, Hodge had pled guilty to burglary of a building[2] in the case underlying this appeal.[3] Pursuant to a plea agreement, he was sentenced to two years' confinement in a state jail[4] and fined $10,000.00, but the sentence and fine were suspended, and Hodge was placed on community supervision for four years.

In early 2015, the State moved, and the trial court acted, to revoke Hodge's community supervision. As a result, a sentence of twenty-four months in a state jail was imposed in each case, with credit for time served, sentences to run concurrently, and a dismissal of any remaining fine balances. In a consolidated brief addressing all three cases, Hodge contends that the sentence

---

[1]The revocations of his community supervision on his convictions for credit card abuse have also been appealed to this Court and addressed in opinions released the same date as this opinion in our case numbers 06-15-00102-CR and 06-15-00103-CR.

[2]*See* TEX. PENAL CODE ANN. § 30.02(a), (c)(1) (West 2011).

[3]In two separate cases, at the same time, he had pled guilty to credit card abuse. *See* TEX. PENAL CODE ANN. § 32.31(b), (d) (West 2011). His sentence in each of those cases was the same as that assessed in this case.

[4]A state jail felony is punishable by confinement in a state jail for not less than 180 days and not more than two years and by a fine of not more than $10,000.00. TEX. PENAL CODE ANN. § 12.35(a), (b) (West Supp. 2015).

imposed by the trial court is grossly disproportionate to his community supervision violations. Hodge concedes that the trial court properly revoked his community supervision based on his violations of the terms of his community supervision. Rather, he challenges only the sentence imposed, arguing that, even though the sentence is within the statutory punishment range, it is grossly disproportionate, considering the technical nature of his community supervision violations. The State argues that Hodge was sentenced not for his community supervision violations, but rather for the original crime he committed and that the proper analysis is to compare the severity of his sentence with the gravity of the underlying crime. In addition, the State argues that this Court is without jurisdiction to hear Hodge's complaint since any challenge to punishment must be exercised at the time he was placed on community supervision. We agree that we are without jurisdiction to address this issue.

"[T]he right to appeal is not of constitutional magnitude, but is derived entirely from statute." *Rushing v. State*, 85 S.W.3d 283, 285 (Tex. Crim. App. 2002) (citing *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)). Further, the Legislature may "confer or withhold jurisdiction in its entirety" or "place limits upon that jurisdiction." *Id.* "'Thus our lawmakers may deny the right to appeal entirely or the right to appeal only some things or the right to appeal all things only under some circumstances.'" *Id.* at 286 (quoting *Marin*, 851 S.W.2d at 278). When a defendant is convicted of a crime and placed on community supervision, the Legislature has placed restrictions on his right to appeal certain matters. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (West Supp. 2014).

3

A defendant placed on community supervision may appeal his "conviction and punishment . . . *at the time he is placed on community supervision.*"  *Id.* (emphasis added); *see Crider v. State*, 848 S.W.2d 308, 310 (Tex. App.—Fort Worth 1993, pet. ref'd) (complaint regarding punishment must be made when defendant placed on probation[5]).  However, when his community supervision is revoked "and he is called on to serve a sentence in a jail or in the Texas Department of Justice, he may appeal the *revocation.*"  *Id.*  Thus, with limited exceptions not present in this case,[6] "an appeal from an order revoking probation is limited to the propriety of the revocation and does not include a review of the original conviction."  *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. 1978) (citing *Corley v. State*, 782 S.W.2d 859, 860, n.2 (Tex. Crim. App. 1989); *Hoskins v. State*, 425 S.W.2d 825, 828 (Tex. Crim. App. 1968)); *Stafford v. State*, 63 S.W.3d 502, 508 (Tex. App.—Texarkana 2001, pet. ref'd); *see also King v. State*, 161 S.W.3d 264, 266–68 (Tex. App.—Texarkana 2005, pet. ref'd) (defendant may not raise double jeopardy claim attacking sentence in appeal from revocation of community supervision).

In this case, Hodge makes the creative claim that his sentence was grossly disproportionate to his community supervision violations.  However, his community supervision violations are related to only the revocation of his community supervision, which he does not challenge.  The sentence was pronounced and rendered, although its imposition was suspended, at the 2012 hearing when he was convicted pursuant to his guilty plea and placed on community supervision.  At his revocation hearing in early 2015, the trial court "proceed[ed] to dispose of the case as if there had

---

[5]Probation is the former name for community supervision.

[6]For instance, a sentence outside the range of punishment is void and may be challenged at any time.  *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

been no community supervision," as it was authorized to do. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (West Supp. 2014). Thus, he was sentenced for the crime he committed, not for his community supervision violations. *See Quisenberry v. State*, No. 14-13-00511-CR, 2014 WL 2446647, at *5 (Tex. App.—Houston [14th Dist.] May 29, 2014, no pet.) (mem. op., not designated for publication).[7] His claim that his sentence was grossly disproportionate necessarily attacks the punishment he received at the 2012 hearing when he was placed on community supervision. Further, a claim of a grossly disproportionate sentence requires us to compare the severity of the sentence he received with the gravity of the original crime committed.[8] *See, e.g.*, *East v. State*, 71 S.W.3d 774, 777 (Tex. App.—Texarkana 2002, no pet.); *Sullivan v. State*, 975 S.W.2d 755 (Tex. App.—Corpus Christi 1998, no pet.). Under Article 42.12, Section 23(b), Hodge could have challenged the punishment he received only by appealing from the 2012 judgment of conviction that placed him on community supervision.[9] Since Hodge failed to timely appeal his punishment after being placed on community supervision, we lack jurisdiction to address this issue in this appeal.[10] *See Henry v. State*, No. 06-13-00101-CR, 2013 WL 6158451, at *1 (Tex. App.—

---

[7]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[8]In considering a claim of grossly disproportionate punishment, we first compare "the gravity of the offense with the severity of the sentence, and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense," do we then consider "(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana, 2006, no pet.) (citing *Solem v. Helm*, 463 U.S. 277, 292 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Dunn v. State*, 997 S.W.2d 885, 892 (Tex. App.—Waco 1999, pet. ref'd); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd)).

[9]In 2012, the parties entered into a plea agreement. As a result, Hodge waived, and the trial court certified Hodge's lack of, a right to appeal from that hearing. *See* TEX. R. APP. P. 25.2(a)(2).

[10]We are aware that this Court and some of our sister courts of appeals have considered a claim of disproportionate punishment in appeals for a revocation of community supervision, most finding the error was not preserved. *See, e.g.*,

5

Texarkana 2013, no pet.).

      We dismiss the appeal for want of jurisdiction.

                                           Josh R. Morriss III
                                           Chief Justice

Date Submitted:      October 30, 2015
Date Decided:        December 2, 2015

Do Not Publish

---

*Sullivan*, 975 S.W.2d at 756–57; *Hernandez v. State*, No. 07-13-00006-CR, 2014 WL 4177447, at *2 (Tex. App.—Amarillo Aug. 21, 2014, no pet.) (mem. op., not designated for publication); *Ajak v. State*, No. 07-14-00093-CR, 2014 WL 3867474, at *1–2 (Tex. App.—Amarillo Aug. 6, 2014, pet. ref'd) (mem. op., not designated for publication); *Davis v. State*, No. 09-13-00368-CR, 2014 WL 2922239, at *1–2 (Tex. App.—Beaumont June 25, 2014, no pet.) (mem. op., not designated for publication); *Quisenberry*, 2014 WL 2446647, at *4–5; *Marsh v. State*, No. 06-12-00082-CR, 2013 WL 1143626, at *2 (Tex. App.—Texarkana Mar. 30, 2013, no pet.) (mem. op., not designated for publication). However, in none of these cases was jurisdiction challenged or considered.