**Michael Anthony EAST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06-01-00117-CR.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 9, 2002.

Decided Jan. 30, 2002.

---

Bruce Cameron Kaye, Dallas, for appellant.

Julie Klibert, Asst. Dist. Atty., Houston, for state.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Michael Anthony East appeals from the revocation of his community supervision.

East was convicted in 1990 of aggravated sexual assault. A jury convicted him and set his punishment at ten years' confinement, with a recommendation he be placed on community supervision. The State filed a motion to revoke. The trial court granted the motion to revoke and imposed the original sentence of ten years' confinement.

On appeal, East raises two issues:

1. The trial court violated his due process rights when it prejudged and predetermined his sentence.

2. His punishment is so excessive that it constitutes cruel and unusual punishment.

At the revocation hearing, the State called two witnesses: Kellye Caldwell, custodian of the records of the Harris County Community Supervision and Corrections Department, and R.L. Schields, fingerprint expert for the Harris County Sheriff's Department. Caldwell stated that in 1990, East was placed on community supervision for ten years after a conviction for sexual assault of a child. Caldwell testified that East had been fully informed of the required conditions of his community supervision, as shown by his signature on documents. Among the conditions of community supervision were that East remain in Harris County, that he report each month to his community supervision officer, that he maintain suitable employment, that he participate in sexual abuse counseling at Hope Counseling Center, and that he pay certain fines. After September 1992, the records showed that East no longer made his monthly visits to the community supervision officer, failed to provide proof of continuing employment, failed to make payments on his fine, and no longer could be found in Harris County. He had recently been extradited from the State of New York. Schields took East's fingerprints and compared them to those contained in East's original file; he concluded that they were prints of the same person.

East testified in his own behalf. He testified that from the date his community supervision was imposed he complied with the requirements of his community supervision. He testified that he was told by a counselor at the Hope Counseling Center that she was going to tell the community supervision officer that he was not participating in the counseling sessions, even though he says he was. He was upset by this, so he left, first going to Jamaica, and then to New York. East testified that while in New York he attended a technical school and obtained a welding certificate. On cross-examination, East admitted that he stopped reporting to his community supervision officer at that time, that he no longer participated in counseling, and that he in fact left Harris County.

East first contends his federal and state due process rights were violated because the trial court allegedly did not take into account mitigating circumstances in imposing punishment, and in fact predetermined his punishment before any evidence was presented, and punished him because he forced the trial court to hold a hearing.

 A trial court's arbitrary refusal to consider the entire range of punishment available for the violation of a criminal law would constitute a denial of due process. *McClenan v. State,* 661 S.W.2d 108, 110 (Tex.Crim.App.1983); *Jefferson v. State,* 803 S.W.2d 470, 471 (Tex.App.—Dallas 1991, pet. ref'd); *Cole v. State,* 757 S.W.2d 864, 865 (Tex.App.—Texarkana 1988, pet. ref'd). Where a trial court in a community supervision proceeding announces his predetermined intent to impose the maximum or an extremely harsh sentence before any mitigating evidence might be presented, a defendant would be denied due process.

*See Howard v. State,* 830 S.W.2d 785 (Tex. App.—San Antonio 1992, pet. ref'd); *see also Jefferson v. State,* 803 S.W.2d at 472, 473.

■ The record in our case, however, does not indicate any predetermined disposition of the trial court to assess the maximum or a more harsh sentence. The judge who imposed the original sentence was no longer on the bench; a different judge imposed the sentence after revocation. There is nothing to show that the original trial court gave any warning to East of its intention to impose a harsher sentence on revocation, and there is nothing in the record of the revocation hearing indicating that the court hearing the revocation proceeding was leaning one way or the other, or was inclined to impose any particular sentence. The evidence at the hearing shows that East admitted he left the state and that he did not comply with the terms of his community supervision. His mitigating evidence consisted of his testimony that, in fear his probation might be unjustifiably revoked, he fled the jurisdiction, and that he obtained a welding certificate at a technical school while in New York. The trial judge imposed the punishment originally recommended by the jury.

East also contends that the ten-year sentence imposed by the trial court constitutes cruel and unusual punishment and is disproportionate to the offense.

East was originally sentenced on January 31, 1990. The punishment was ten years' confinement and a $10,000.00 fine, with a recommendation of community supervision. Aggravated sexual assault is a first-degree felony, Tex. Pen.Code Ann. § 22.021(e) (Vernon Supp.2002), punishable by imprisonment for life or for any term of years not more than ninety-nine. Tex. Pen.Code Ann. § 12.32(a), (b) (Vernon 1994).

■ Clearly, the sentence imposed is within the range of punishment authorized by the Legislature. As long as the punishment is within this statutory range, the punishment is not excessive, cruel, or unusual. *Latham v. State,* 20 S.W.3d 63, 68 (Tex.App.—Texarkana 2000, pet. ref'd).

■ We do recognize that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution, apart from any consideration of whether the punishment is within the range established by statute. U.S. Const. amend. VIII; *Latham v. State,* 20 S.W.3d at 68–69; *Jackson v. State,* 989 S.W.2d 842, 845 (Tex.App.—Texarkana 1999, no pet.). However, any such claim in this case was waived because East failed to object or otherwise indicate in the trial court his disapproval of the sentence on these grounds. *Jackson v. State,* 989 S.W.2d at 844–45. Even if such a claim had been preserved, it would fail because East's brief fails to inform us of the facts of the underlying offense for which he was convicted in 1990. In order to assess a claim of disproportionality, we initially make a threshold comparison of the gravity of the offense against the severity of the sentence. *Id.* at 846. We have searched the record and can find no document that informs us what happened to cause East to be convicted. Without such facts, the initial threshold comparison cannot be made.

We find no reversible error.

The judgment of the trial court is affirmed.