In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00126-CR


______________________________




KELVIN L. RAGLAND, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 96F446-202




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Carter



O P I N I O N



I. Nature of the Case

 Kelvin L. Ragland appeals an order revoking his community supervision. In two points of
error, he contends: (1) the trial court erred in not considering mitigating circumstances surrounding
his pleas of true; and (2) the trial court abused its discretion in revoking rather than modifying his
community supervision.

II. Factual and Procedural Background

 On May 26, 2000, Ragland pled guilty to the offense of burglary of a habitation. The trial
court sentenced Ragland to ten years' imprisonment with the understanding that the court would
consider a motion for community supervision after ninety days. After Ragland had been incarcerated
for ninety days, the trial court placed him on community supervision. As conditions of his
supervision, the trial court required Ragland, inter alia: (1) to pay a monthly fee of forty dollars each
month; (2) to report to a community supervision officer once each month or as otherwise directed
by the officer; and (3) to abstain from the possession or use of nonprescription drugs. 

 In January 2002, the State filed an application to revoke Ragland's community supervision,
alleging he failed to meet the above requirements. The trial court held a hearing on the State's
motion, and Ragland pled "true" to the allegations. The trial court revoked Ragland's community
supervision and sentenced him to five years' incarceration. 


III. Discussion

 Because Ragland's two points of error are interrelated, we will consider them together. 

A. Standard of Review 

 A trial court has broad discretion in imposing conditions of community supervision. 
Quisenberry v. State, 88 S.W.3d 745, 749 (Tex. App.-Waco 2002, pet. ref'd). We review a trial
court's decision to revoke community supervision under an abuse of discretion standard. Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). When there is sufficient evidence to support
a finding the defendant violated a condition of his or her community supervision, the trial court does
not abuse its discretion by revoking the supervision. Wade v. State, 83 S.W.3d 835, 839-40 (Tex.
App.-Texarkana 2002, no pet.). "Proof of a single violation is sufficient to support revocation of
community supervision." Id. at 840.

B. Analysis

 Ragland pled true to each of the State's allegations in its motion to revoke his community
supervision. In addition to his pleas of true, the record shows that Ragland failed to report to his
community supervisor on several different occasions, that he only paid $223.00 in community
supervision fees, and that he tested positive for marihuana on three different occasions. Ragland does
not complain about the sufficiency of the evidence supporting revocation; rather, he asserts the trial
court failed to consider mitigating evidence when revoking his community supervision. He points
to nothing in the record supporting this contention. 

 A trial court's arbitrary refusal to consider mitigating evidence and the entire range of
punishment available for the violation of a criminal law would constitute a denial of due process. 
See McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983); East v. State, 71 S.W.3d 774,
776 (Tex. App.-Texarkana 2002, no pet.); Cole v. State, 757 S.W.2d 864, 865 (Tex.
App.-Texarkana 1988, pet. ref'd). But without a clear showing to the contrary, the appellate court
presumes that the trial court's actions were correct. Steadman v. State, 31 S.W.3d 738, 741 (Tex.
App.-Houston [1st Dist.] 2000, pet. ref'd).

 Here, Ragland offered the following evidence of mitigating circumstances. Ragland testified
that: (1) he is employed; (2) he has dependents to support; and (3) he is willing to pay all of his fines
and fees in total. 

 Nothing in the record indicates that the trial court did not consider these factors. On the
contrary, the court indicated that it was aware of both Ragland's employment and the fact that he had
children to support. The record clearly shows the trial court considered the evidence regarding
Ragland's job and his wife and children, but found his continued failure to comply with conditions
of community supervision justified revocation. The record does not show that the trial court refused
to consider the entire range of punishment or Ragland's mitigating circumstances. The trial court
did not abuse its discretion in revoking rather than modifying Ragland's community supervision. 
Ragland's two points of error are overruled. 


 The judgment of the trial court is affirmed.






 Jack Carter

 Justice


Date Submitted: March 17, 2003

Date Decided: April 23, 2003


Do Not Publish



lse" Priority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00218-CR

                                                ______________________________

 

 

                                      RONNY GENE TIBBS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 21282

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            While Ronny
Gene Tibbs was serving a period of community supervision that was to expire
December 20, 2016, based on a third offense of driving while intoxicated, he
admittedly ingested bootlegged whiskey, a clear violation of a condition of his
community supervision.  The trial court
revoked Tibbs community supervision and imposed a sentence of ten years
confinement.  Tibbs appeals the trial
courts judgment revoking community supervision on the sole ground that it
lacked jurisdiction because a capias warrant never issued.

            In support
of his argument, Tibbs relies only on cases interpreting Section 21(e) of
Article 42.12 of the Texas Code of Criminal Procedure, which states:

(e)
A court retains jurisdiction to hold a hearing under Subsection (b) and to
revoke, continue, or modify community supervision, regardless of whether the
period of community supervision imposed on the defendant has expired, if before
the expiration the attorney representing the state files a motion to revoke,
continue, or modify community supervision and a capias is issued for the arrest
of the defendant.

 

Tex. Code Crim. Proc.
Ann. art. 42.12, § 21(e) (Vernon Supp. 2009).  All of Tibbs cited cases dealt with a trial
courts jurisdiction to revoke community supervision after the supervision
period had expired.[1]  They are inapplicable here, since Tibbs
period of community supervision had clearly not expired.

 

 

            Article
42.12, Section 21(b) of the Texas Code of Criminal Procedure states:

 

At
any time during the period of community supervision the judge may issue a warrant for violation of any
of the conditions of the community supervision and cause the defendant to be
arrested. Any supervision officer, police officer or other officer with power
of arrest may arrest such defendant with
or without a warrant upon the order of the judge to be noted on the docket
of the court. 

 

Tex. Code Crim. Proc.
Ann. art. 42.12, § 21(b) (Vernon Supp. 2009) (emphasis added).  Since the statute discusses issuance of
capias as discretionary, it cannot be a general requirement for the courts
jurisdiction to revoke community supervision. 
In other words, because the record reflects that Tibbs revocation
occurred within the period for community supervision, issuance of a capias
warrant was not required.[2]  We overrule Tibbs sole point of error on
appeal. 

            We affirm
the trial courts judgment.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          August
3, 2010

Date Decided:             August
4, 2010

 

Do Not Publish

 

 

 

 

 











[1]Harris v. State, 843 S.W.2d 34 (Tex.
Crim. App. 1992), overruled in part by
Bawcom v. State, 78 S.W.3d 360, 363
(Tex. Crim. App. 2002); Davis v. State,
150 S.W.3d 196 (Tex. App.Corpus Christi 2004), revd on other grounds,
195 S.W.3d 708 (Tex. Crim. App. 2006) (citing Peacock v. State, 77 S.W.3d 285 (Tex. Crim. App. 2002); Calderon v. State, 75 S.W.3d 555 (Tex.
App.San Antonio 2002, pet. refd) (op. on rehg) (per curiam)).





[2]See Jackson v. State, No.
13-03-00495-CR, 2005 WL 1981522, at *2 (Tex. App.Corpus Christi Aug. 18, 2005,
no pet.) (mem. op., not designated for publication).  Although this unpublished case has no
precedential value, we may take guidance from it as an aid in developing
reasoning that may be employed.  Carrillo v. State, 98 S.W.3d 789, 794 (Tex.
App.Amarillo 2003, pet. refd).