In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00063-CR


______________________________




NATHANIEL HOWARD, III, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 7th Judicial District Court


Smith County, Texas


Trial Court No. 007-81047-99




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Nathaniel Howard, III, has appealed from his adjudication of guilt for the offense of
aggravated assault with a deadly weapon. See Tex. Penal Code Ann. § 22.02 (Vernon Supp.
2007). The trial court sentenced Howard to twenty years' imprisonment, to run consecutive to his
sentences in two other convictions. (1) See Tex. Penal Code Ann. § 12.33 (Vernon 2003); Tex. Code
Crim. Proc. Ann. art. 42.08 (Vernon 2006). 

 On appeal to this Court, (2) Howard contends, in a single point of error, that the punishment
assessed is disproportionate to his crime. Howard did raise the claim of disproportionate sentence
at the trial court level. 

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Howard's
sentence falls within the applicable range of two to twenty years' imprisonment and a fine of up to
$10,000.00. See Tex. Penal Code Ann. § 12.33.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 Howard's main complaint concerns the trial court's decision to order the twenty-year sentence
for aggravated assault be served consecutive to two other life sentences. Howard does not argue that
the trial court lacked authority to stack the sentence. See Tex. Code Crim. Proc. Ann. art. 42.08. 
The cumulation of sentences does not constitute cruel and unusual punishment. Stevens v. State, 667
S.W.2d 534, 538 (Tex. Crim. App. 1984); Baird v. State, 455 S.W.2d 259 (Tex. Crim. App. 1970);
Quintana v. State, 777 S.W.2d 474, 480 (Tex. App.--Corpus Christi 1989, pet. ref'd). Howard has
not shown the trial court's decision to order the sentence to be served consecutively, or stacked,
caused the sentence to be grossly disproportionate. 

 Finally, there is no evidence in the record comparing Howard's sentence with other sentences
for similar crimes in Texas or comparing the sentences imposed on persons in Texas with sentences
in other jurisdictions. Mullins, 208 S.W.3d 469; see Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.--Texarkana 2002, pet. ref'd); Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000,
pet. ref'd). Howard's sole point of error is overruled.

 There being no other issues before us, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: June 18, 2008

Date Decided: June 19, 2008


Do Not Publish
1. Counsel for Howard states, in his brief, that the appeals of these convictions for which he
received two life sentences (aggravated kidnapping and aggravated sexual assault) were dismissed
due to untimely notices of appeal and that he is assisting Howard in filing writs of habeas corpus in
the Texas Court of Criminal Appeals so that Howard can pursue out-of-time appeals in the other two
convictions.
2. This appeal was transferred to this Court from the Tyler Court of Appeals pursuant to a
docket equalization order of the Texas Supreme Court.



st and
compare the sentence received to sentences for similar crimes in the same jurisdiction and to
sentences for the same crime in other jurisdictions. Jackson, 989 S.W.2d at 846; see Harmelin, 501
U.S. at 1005; see also Alberto v. State, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.);
Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd); Latham v. State, 20
S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd).
            We cannot say that the gravity of the offense is grossly disproportionate to the severity of the
sentence. The police report indicates Davis had extensively harassed the victim, Melody Allred. 
Allred and Davis had previously had an intimate dating relationship involving cohabitation. Allred
eventually ended their relationship. Allred alleged several instances of assault, property damage, and
telephone harassment. In the stipulation of evidence, Davis admitted he threatened Allred with
bodily injury or death by telling her "[he] was going to disassemble her body parts and that it would
be a bloody massacre." Given the details of the offense, we cannot say the severity of the sentence
was grossly disproportionate to the gravity of the crime.
            Further, there is no evidence in the record comparing the sentence with the sentences
imposed against other defendants in this or other jurisdictions who committed a similar offense. See
Fluellen, 71 S.W.3d at 873; Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664–65. For the
reasons stated, we overrule the first point of error.
            In his second point of error, Davis argues the trial court abused its discretion in not granting
community supervision. The record indicates that a prior prosecutor had indicated he would
recommend community supervision in this case, but the current prosecutor recommended against
community supervision. There was no negotiated plea agreement in the case. 
            A trial court's arbitrary refusal to consider the entire range of punishment available for the
offense does constitute a denial of due process. McClenan v. State, 661 S.W.2d 108, 110 (Tex.
Crim. App. 1983); East v. State, 71 S.W.3d 774, 776–77 (Tex. App.—Texarkana 2002, no pet.). 
The trial court acknowledged on the record that it would consider Davis' application for community
supervision. We do not find that the trial court arbitrarily refused to consider the full range of
punishment in this case.
            We affirm the judgment of the trial court.
 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          December 12, 2003
Date Decided:             December 18, 2003

Publish