In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00501-CR
NO. 09-13-00502-CR
_____

LIONEL SIMON LANDRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause Nos. 11-12964, 11-12965

**MEMORANDUM OPINION**

Appellant Lionel Simon Landry appeals from the revocation of his deferred adjudication community supervision and imposition of sentence in two aggravated assault cases. In both cases, Landry argues that the trial court erred by assessing an excessive sentence, by punishing him for being a "drug addict," and by arbitrarily refusing to consider the entire range of punishment. We affirm the judgments of the trial court.

1

## I.       Background

In cause numbers 11-12964 and 11-12965, Landry was charged by indictment with aggravated assault, a second-degree felony. The indictment in each case contained enhancement paragraphs alleging five prior felony convictions.  On April 16, 2012, Landry pled guilty to aggravated assault in both cases pursuant to a plea bargain agreement.  Landry also pled "true" in both cases to one enhancement paragraph alleging a prior conviction for a second-degree felony.  The trial court found the evidence sufficient to find Landry guilty in each case, but deferred further proceedings, placed Landry on community supervision for ten years, and ordered Landry to pay a fine of $750 in each case.

Thereafter, the State filed a motion to revoke Landry's unadjudicated community supervision in both cases. Counts one and two of the motions to revoke alleged that Landry violated the conditions of his community supervision by committing the offense of possession of a controlled substance.  During the revocation hearing on January 7, 2013, Landry pled "true" to count one of the State's motion to revoke in each case.  The trial court accepted Landry's plea in each case, but reset the sentencing portion of the hearing for six months to give Landry an opportunity to show the trial court that he could comply with the terms of his community supervision.

On August 12, 2013, the trial court resumed the hearing on the State's motion to revoke. During that hearing, the trial court agreed to withhold ruling on the motion to revoke for an additional two months to again give Landry an opportunity to show that he could comply with the terms of his community supervision.

On October 17, 2013, the State filed a first amended motion to revoke Landry's unadjudicated probation in each case. Counts one and two of the amended motions again alleged that Landry had violated the conditions of his community supervision by committing the offense of possession of a controlled substance; however, the amended motions added counts five and six, which alleged that Landry had violated the conditions of his community supervision by committing the additional offenses of misdemeanor theft and public intoxication, respectively. On November 4, 2013, the trial court held a hearing on the State's amended motions to revoke. In cause number 12965, Landry pled "true" to counts one, two, and six. The State then reminded the trial court that Landry had pled true to count one in both cases at the January 7, 2013 revocation hearing. Accordingly, in cause number 12964, the court had the record reflect that Landry had previously entered a plea of "true" to count one. Landry then pled "true" to counts two and six in cause number 12964. The trial court revoked Landry's community supervision, found him guilty of aggravated assault in each case, and sentenced

3

Landry to seventy-five years in prison in each case, with the sentences to run concurrently. Landry timely filed a notice of appeal in each case.

## Excessive Sentence

In his first point of error, Landry argues that the seventy-five year sentences assessed by the trial court in cause numbers 11-12964 and 11-12965 were excessive. We first address whether Landry properly preserved this complaint for our review. To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. Tex. R. App. P. 33.1(a). A criminal defendant's failure to object with specificity to the alleged excessiveness of his sentence at the time of sentencing or in a post-trial motion waives any error for the purpose of appellate review. *See Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.); *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.—Corpus Christi 2005, pet. ref'd). The record reflects that Landry did not object when the trial court pronounced his sentence in either case. Further, Landry did not file a post-trial motion in either case complaining of the alleged excessiveness of his sentence. We conclude, therefore, that Landry has waived this complaint in both cases.

However, even if Landry had preserved his complaint about the length of his sentences for appellate review, we conclude that Landry has failed to establish that the sentences imposed by the trial court were excessive. As a general rule, "a

4

sentence that is within the range of punishment established by the Legislature will not be disturbed on appeal." *Diamond v. State*, 419 S.W.3d 435, 440 (Tex. App.— Beaumont 2012, no pet.). An appellate court "rarely considers a punishment within the statutory range for the offense excessive, unconstitutionally cruel, or unusual under either Texas law or the United States Constitution." *Id.* Landry pled guilty in each case to aggravated assault, a second-degree felony. He also pled "true" in each case to one enhancement paragraph alleging a prior conviction for a second-degree felony. Landry's plea of true to the enhancement paragraph in each case raised the level of the offense from a second-degree felony to a first-degree felony. *See* Tex. Penal Code Ann. § 12.42(b) (West Supp. 2014).[1] The punishment range for a first-degree felony is five to ninety-nine years or life and a fine of up to $10,000. *Id.* § 12.32 (West 2011). Landry's seventy-five year sentences, therefore, clearly fall within the range of punishment for the enhanced aggravated assault offenses of which Landry was convicted.

However, even when a sentence falls within the statutory range of punishment, it may nevertheless be excessive in violation of the Eighth Amendment if it is grossly disproportionate to the offense for which the defendant

---

[1] Although the Legislature amended Section 12.42 of the Texas Penal Code after the date of the alleged offense in each of Landry's cases, we cite to the current version of the statute because the subsequent amendments do not affect our analysis in this appeal.

has been convicted. *See Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). To make this determination, "[w]e initially make a threshold comparison of the gravity of the offense against the severity of the sentence and then ask whether the sentence is grossly disproportionate to the offense." *Jackson*, 989 S.W.2d at 846. If gross disproportionality is found, we then compare the sentence to sentences received for similar crimes in this and other jurisdictions. *Id.* In his brief, Landry makes no attempt to compare the gravity of the aggravated assault offenses to the severity of the sentences imposed, and he does not argue or point to any evidence in the record explaining how his sentences are grossly disproportionate to the offenses for which he was convicted. Further, there is no evidence in the record of sentences imposed for similar offenses in this or other jurisdictions for which we can make a reliable comparison. *See id.* We conclude, therefore, that Landry has failed to make a showing that his sentences were grossly disproportionate to the offenses committed. *See East v. State*, 71 S.W.3d 774, 777 (Tex. App.—Texarkana 2002, no pet.). We overrule Landry's first point of error in both cases.

### Punishment for Being a "Drug Addict"

Landry also argues that the trial court punished him for being a "drug addict," which, he contends, constitutes "cruel and unusual punishment" in

6

violation of the Eighth and Fourteenth Amendments to the United States Constitution." Landry's brief contains no citations to the record supporting his contention, and after an independent review of the record, we find no indication that the trial court punished him for being a drug addict in either case. Further, as noted above, Landry did not object to his sentences in either case at the time they were imposed or in a motion for new trial. It is well-established that even constitutional rights, including the right to be free from cruel and unusual punishment, may be waived by the failure to raise a timely objection in the trial court. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). By failing to object in the trial court, Landry has waived his complaint. *See* Tex. R. App. P. 33.1. Accordingly, we overrule this point of error.

### Failure to Consider Full Range of Punishment

In his second point of error, Landry argues that the trial court violated his right to due process by arbitrarily refusing to consider the entire range of punishment for his offense. Landry contends that the trial court was not a fair and impartial tribunal because the trial judge "berated" him during the revocation hearing and sentenced him to the "maximum term" without considering a lesser sentence and without considering the mitigating circumstances presented by Landry. The State argues that Landry has not clearly demonstrated that the trial

7

court was biased or that it arbitrarily failed to consider the full punishment range. We agree with the State.

The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law[.]" *See* U.S. CONST. amend. XIV, § 1. Similarly, the Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities . . . except by the due course of the law of the land." Tex. Const. art. I, § 19. "The touchstone of due process is fundamental fairness." *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007). Accordingly, "[t]he Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence." *Buerger v. State*, 60 S.W.3d 358, 363-64 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786-87 (1973)). A trial court denies a defendant due process by arbitrarily refusing to consider the entire range of punishment for an offense. *Ex parte Brown*, 158 S.W.3d 449, 454, 456 (Tex. Crim. App. 2005). Likewise, a trial court denies a defendant due process when it refuses to consider mitigating evidence and imposes a predetermined punishment. *Buerger*, 60 S.W.3d at 364. However, in the absence of a clear showing to the contrary, a reviewing court must presume that the trial court was neutral and detached in sentencing the defendant and considered the full range of punishment.

8

*See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (op. on reh'g).

In order to preserve appellate review of a complaint that the trial court arbitrarily refused to consider the entire range of punishment, the defendant must make a timely objection at the trial court level. *See* Tex. R. App. P. 33.1; *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). "This rule ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). In the present case, the record does not reflect that Landry objected to the trial court's alleged failure to consider the full range of punishment at the trial court level. Nevertheless, Landry argues that under the Texas Court of Criminal Appeals's decision in *Ex parte Brown*, he was not required to make a contemporaneous objection because the evidence that the court failed to consider the full range of punishment was ambiguous. *See* 158 S.W.3d at 453 & n.3. Even if we were to assume that Landry's contention is correct and that he was excused from the long-standing rule that errors in sentencing are waived by the failure to object, we conclude that the record does not support Landry's argument that the trial court arbitrarily refused to consider the entire range of punishment for his offense.

9

The record of the final revocation hearing reflects that the trial court heard arguments from both the prosecutor and defense counsel before deciding to revoke Landry's community supervision and assess punishment. Specifically, the record reflects that before making its decision, the trial court asked defense counsel for comments regarding the appropriate disposition of Landry's cases. Landry's attorney advised the trial court of several mitigating circumstances, including the fact that Landry was gainfully employed by two different employers, that he had a place to live, that his drug screens during probation had been negative, and that he had been timely reporting to his probation officer. Based on these factors, Landry's attorney argued that the trial court should reinstate Landry's community supervision or, alternatively, that punishment should be assessed at the lower end of the punishment range. The record, however, also reflects that the trial court heard argument from the State and reviewed evidence of several aggravating factors, including Landry's history of prior felony convictions and his continued criminal behavior while on probation. Specifically, the record reflects that prior to being placed on deferred adjudication probation for the two underlying felony offenses, Landry had five prior felony convictions, including three second-degree felony convictions for burglary of a habitation, one third-degree felony conviction for attempted burglary of a habitation, and one state jail felony conviction for possession of a controlled substance. Further, the record reflects that despite being

placed on "zero tolerance" community supervision for the underlying offenses, Landry pled "true" to committing at least three additional criminal offenses while on probation, including two counts of possession of a controlled substance and public intoxication. At the conclusion of the hearing, the trial court stated: "[A]t some point, Lionel, it's got to come to an end. You just can't – you can't go commit five major felon[ies] – I didn't even talk about your misdemeanor history – and then come to me and put it on me. You see, it's on you now[.]"

Nothing in the record suggests that the trial judge refused to consider the mitigating circumstances presented by Landry's attorney, imposed a predetermined punishment, or arbitrarily refused to consider the entire range of punishment in assessing Landry's sentence. Instead, the record reflects that the trial court listened to the arguments presented by both sides, reviewed the evidence in the record before it, and determined that seventy-five years was an appropriate punishment in each case, particularly considering Landry's extensive criminal history and continued criminal behavior while on probation. Further, the record of the final revocation hearing demonstrates that the trial judge was aware of the applicable punishment range, and there is nothing in the record that rebuts the presumption that he considered this range in assessing Landry's punishment. We conclude, therefore, that Landry has not met his burden of demonstrating that the trial court arbitrarily failed to consider the full range of punishment.

We also find nothing in the record to establish that the trial judge was biased or prejudiced or otherwise failed to remain detached and neutral during the final revocation hearing. "[T]he terms 'bias' and 'prejudice' do not encompass all unfavorable rulings towards an individual, or [his] case[.]" *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). Rather, such terms "must 'connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 550 (1994)). "Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Further, "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias or partiality. *Liteky*, 510 U.S. at 555-56. Rather, the defendant must show "a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Abdygapparova*, 243 S.W.3d at 198 (quoting *Liteky*, 510 U.S. at 555).

Landry argues that the trial court's failure to remain detached and neutral is evidenced by the fact that the trial judge "berated" him during the revocation hearing. Landry, however, fails to identify any specific statement, action, or

12

inaction by the trial judge that he contends constitutes a failure to remain impartial or a deep-seated favoritism or antagonism that would make fair judgment impossible. After conducting an independent review of the record, we do not find anything in the record indicating that the trial court failed to remain detached and neutral during the revocation hearing. In fact, the record reflects that the trial court gave Landry numerous chances to avoid being convicted and sentenced in both cases. Despite Landry's extensive criminal history, the trial court agreed to place Landry on deferred adjudication for the underlying offenses, thereby giving Landry an opportunity to avoid a conviction in each case if he successfully completed the terms of his community supervision. Thereafter, at the January 7, 2013 revocation hearing, the trial court withheld ruling on the State's motion to revoke and gave Landry an additional six months to prove that he could comply with the terms of his community supervision, even though he had pled "true" to committing the offense of possession of controlled substance while on probation. On August 12, 2013, the trial court held another hearing on the State's motion to revoke, during which it again withheld ruling on the State's motion and gave Landry two more months to show that he could be successful on probation. Despite the trial court's considerable leniency, the record reflects that Landry continued to offend on probation. We find no evidence that the trial court failed to remain detached and neutral during the proceedings below, and we perceive no denial of due process

13

under the state or federal constitution.  We overrule Landry's second point of error in each case.

Having overruled Landry's issues in cause numbers 11-12964 and 11-12965, we affirm the trial court's judgment in both cases.

AFFIRMED .

_____
CHARLES KREGER
Justice

Submitted on April 30, 2014
Opinion Delivered September 3, 2014
Do not publish

Before McKeithen, C.J., Kreger and Johnson, JJ.