In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00195-CR**
_____

**JOE FREDRICK HAWKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-16946**

**MEMORANDUM OPINION**

Appellant Joe Fredrick Hawkins appeals from the revocation of his deferred adjudication community supervision and imposition of sentence for assault involving family violence. In three points of error, Hawkins argues that his sentence is constitutionally disproportionate and unreasonable in violation of the United States Constitution and the Texas Constitution and that the evidence is legally insufficient to support the trial court's finding that he committed a violation of his community supervision. We affirm the judgment of the trial court.

1

## I.    Background

Pursuant to a plea bargain agreement, Hawkins pled guilty to assault of a family member by impeding breathing or circulation, a third-degree felony. The trial court found the evidence sufficient to find Hawkins guilty, but deferred further proceedings without entering an adjudication of guilt, placed Hawkins on community supervision for three years, and ordered Hawkins to pay a fine of $500.

Thereafter, the State filed a motion to revoke Hawkins' unadjudicated community supervision, asserting that Hawkins violated four conditions of his community supervision. On April 14, 2014, the trial court held a hearing on the State's motion to revoke. During the hearing, the State abandoned count one of the motion. Hawkins pled "true" to count two of the motion, but pled "not true" to counts three and four.[1] Following the entry of Hawkins' pleas, the trial court reset the remainder of the hearing for two weeks to allow the State to present evidence as to counts three and four.

[1]During the April 14, 2014 revocation hearing, the trial court mistakenly referred to count two of the motion to revoke as "Count 1" and referred to count three of the motion as "Count 2[.]" However, the record reflects that the trial court read the actual substance of counts two and three aloud immediately before Hawkins entered his plea to each count, thus making it clear which count the trial court was actually referring to as Hawkins entered each plea. Hawkins does not argue that he was confused or otherwise harmed by the trial court's inaccurate reference to counts two and three during the April 14, 2014 revocation hearing. Therefore, we do not address this issue on appeal.  *See* Tex. R. App. P. 38.1(i).

On April 28, 2014, the trial court resumed the hearing on the State's motion to revoke. After hearing evidence, the trial court found count three to be true.[2] Based on this finding, as well as Hawkins' plea of true to count two, the trial court found the evidence sufficient to establish that Hawkins violated the conditions of his community supervision. The trial court revoked Hawkins' community supervision, adjudicated him guilty of assault of a family member by impeding breathing or circulation, and sentenced him to four years in prison. Hawkins timely filed a notice of appeal.

## II.    Sentence

In Hawkins' first and second points of error, he argues that the four-year sentence assessed by the trial court is unconstitutionally disproportionate and unreasonable in violation of the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; Tex. Const. art. I, § 13.[3] The State argues that Hawkins waived these points of error by failing to timely object.

---

[2]The State abandoned count four at the beginning of the April 28, 2014 hearing.

[3]Hawkins also argues that the trial court violated his due process and equal protection rights under the United States and Texas Constitutions. Hawkins cites no relevant authority to support these arguments. *See* Tex. R. App. P. 38.1(i).

To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. Tex. R. App. P. 33.1(a). Generally, the failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). The record reflects that Hawkins did not raise any objections to his sentence at the time it was pronounced or in a post-trial motion. Therefore, we conclude that Hawkins waived any complaint that his sentence was unconstitutionally disproportionate or unreasonable for purposes of appellate review. *See* Tex. R. App. P. 33.1(a).

However, even if Hawkins had properly preserved his complaints for our review, his argument that his sentence is disproportionate and unreasonable under the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution is without merit.[4] Texas courts have traditionally held that as long as the punishment assessed falls within the punishment range

---

[4]Hawkins does not argue that Article I, section 13 of the Texas Constitution provides any greater or different protection than the Eighth Amendment of the United States Constitution. Therefore, we examine Hawkins' argument solely under the Eighth Amendment. *See Rivera v. State*, 363 S.W.3d 660, 678 n. 12 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

prescribed by the Legislature, the punishment is not excessive or unconstitutionally cruel or unusual under either Texas law or the United States Constitution. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Diamond v. State*, 419 S.W.3d 435, 440 (Tex. App.—Beaumont 2012, no pet.); *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Hawkins' four-year sentence is within the statutory range authorized for the crime of assault of a family member by impeding breathing or circulation. *See* Tex. Penal Code Ann. § 12.34 (West 2011) (providing that the punishment range for a third-degree felony is imprisonment for a term of not less than two years or more than ten years and a fine of up to $10,000); § 22.01(b)(2)(B) (West Supp. 2014) (providing that the offense of assault of a family member by impeding breathing or circulation is a third-degree felony).

However, even when a sentence falls within the statutory range of punishment, it may nevertheless be excessive in violation of the Eighth Amendment if it is grossly disproportionate to the offense for which the defendant has been convicted. *See Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.— Texarkana 1999, no pet.). To make this determination, "[w]e initially make a threshold comparison of the gravity of the offense against the severity of the

5

sentence and then ask whether the sentence is grossly disproportionate to the offense." *Jackson*, 989 S.W.2d at 846. We judge the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd). If gross disproportionality is found, we then compare the sentence to sentences received for similar crimes in this and other jurisdictions. *Jackson*, 989 S.W.2d at 846.

The record reflects that Hawkins pled guilty to felony assault of a family member by impeding breathing or circulation. Hawkins does not argue or point to any evidence in the record explaining how the four-year sentence assessed by the trial court—which is on the lower end of the applicable punishment range—is grossly disproportionate to the violent assault offense to which he admitted culpability and for which he was ultimately convicted. While Hawkins argues that the trial court failed to consider certain factors, outlined in article 37.07, section 3 of the Texas Code of Criminal Procedure, that could have mitigated against his sentence, the record does not support his argument. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (West Supp. 2014). The trial court did not exclude any evidence of mitigating circumstances during the revocation hearings, and there is nothing in the record to indicate that the trial court otherwise failed or refused to

6

consider any evidence or information in violation of article 37.07, section 3. Further, Hawkins failed to introduce any evidence of sentences imposed for similar offenses in this or other jurisdictions for which we can make a reliable comparison.[5] *See Jackson*, 989 S.W.2d at 846. We conclude, therefore, that Hawkins has failed to make a showing that his sentence was grossly disproportionate to the offense committed. *See East v. State*, 71 S.W.3d 774, 777 (Tex. App.—Texarkana 2002, no pet.).

Hawkins also complains that the trial court considered "unverifiable facts" and "matters not presented in evidence," including his criminal record, when it assessed his sentence. Hawkins, however, did not object during the revocation hearing or in a post-trial motion to the trial court's alleged consideration of unverifiable facts or matters not in evidence when it assessed his sentence, nor did he object at any time to the sentence itself. Hawkins has therefore waived this complaint for purposes of appellate review. *See* Tex. R. App. P. 33.1(a); *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.").

---

[5]Hawkins asks this Court to abate the appeal for a hearing to allow him to gather information regarding sentences imposed for similar offenses by criminal defendants in Texas and other jurisdictions. Hawkins cites no applicable authority to support this proposition. *See* Tex. R. App. P. 38.1(i).

We hold that Hawkins failed to preserve the complaints that he makes about his sentence for our review on appeal. We overrule Hawkins' first and second points of error.

### III.    Sufficiency of the Evidence to Support Adjudication of Guilt

In his third point of error, Hawkins argues that the evidence is legally insufficient to support the trial court's finding that Hawkins violated a condition of his community supervision by failing to provide verification that he attended an anger management program as ordered by the court (count three of the State's motion to revoke).

An appellate court's review of an order adjudicating guilt is generally limited to a determination of whether the trial court abused its discretion. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2014) ("The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Section 21 in a case in which an adjudication of guilt had not been deferred."); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) ("'Appellate review of an order revoking probation is limited to abuse of the trial court's discretion.'") (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). In a hearing to revoke deferred adjudication community supervision, the State has the burden to show by

8

a preponderance of the evidence that the defendant committed a violation of the conditions of his community supervision. *See Rickels*, 202 S.W.3d at 763; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The evidence meets this standard when the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763-64 (quoting *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)); *Duncan v. State*, 321 S.W.3d 53, 57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

We must examine the evidence in the light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). In determining whether the allegations in the motion to revoke are true, the trial court is the sole trier of facts, the judge of the credibility of the witnesses, and the arbiter of the weight to be given to the testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.). To support the trial court's order revoking community supervision, the State need only establish one sufficient ground for revocation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

At the April 14, 2014 revocation hearing, Hawkins pled "true" to the State's allegation, asserted in count two of the State's motion to revoke, that he had

violated a condition of his community supervision by failing to report to the Jefferson County Community Supervision and Corrections Department during the month of February 2014. A plea of true to any alleged violation of the terms of a defendant's community supervision, standing alone, is sufficient to support revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.). Therefore, Hawkins' plea of true to the State's allegation that he failed to report to the Jefferson County Community Supervision and Corrections Department during the month of February 2014, by itself, is sufficient to support the trial court's order revoking community supervision and adjudicating him guilty of the underlying assault offense. *See Cole*, 578 S.W.2d at 128; *Jones*, 112 S.W.3d at 268.

However, even if Hawkins had not entered a plea of true to the allegations in count two, we find the evidence sufficient to support the trial court's finding that the allegations in count three of the motion to revoke were true. Hawkins' deferred adjudication order required Hawkins to "[a]ttend rehabilitation, treatment, residential programs, and counseling as directed by [his] Community Supervision Officer, pay for said treatments as directed, and provide verification of such." In its motion to revoke, the State alleged in count three that Hawkins violated his

10

deferred adjudication order by failing to provide verification that he attended anger management classes. During the April 28, 2014 adjudication hearing, the State called Gatta Harmon, Hawkins' community supervision officer, to testify. Harmon testified that after Hawkins was placed on community supervision, Harmon asked the trial court to sign an order requiring Hawkins to attend anger management classes. Harmon testified that in response to his request, the trial court signed an order on January 19, 2014 requiring Hawkins to attend anger management classes. Harmon testified that he could not recall if he showed the order to Hawkins after the trial court signed it. However, Harmon explained that he showed the order to Hawkins before he sent it to the trial court to sign and that Hawkins personally signed the order himself. Harmon testified that Hawkins was also told "several times that he needed to attend the [anger management classes] as soon as we send the order to the Court for approval" and that "he was expected to attend the class." Harmon testified that despite these instructions, Hawkins failed to provide verification that he attended the anger management classes as directed.

Hawkins' deferred adjudication order required Hawkins to attend treatment programs as directed by his community supervision officer and to provide verification of his attendance. The trial court could have reasonably found that Hawkins was directed to attend an anger management program, that Hawkins had

11

notice that he was required to attend that program and to provide verification of his attendance, and that Hawkins failed to provide the required verification. Viewing the evidence in the light most favorable to the trial court's order, we find that the evidence was sufficient to establish, by a preponderance of the evidence, that Hawkins failed to provide verification that he attended rehabilitation, treatment, residential programs, and counseling as directed by his community supervision officer, in violation of a condition of his deferred adjudication order. *See Rickels*, 202 S.W.3d at 763-64; *Garrett*, 619 S.W.2d at 174. Accordingly, we conclude that there was legally sufficient evidence to support the trial court's finding that the allegation in count three of the State's motion to revoke was true. In light of this conclusion, as well as Hawkins' plea of true to count two, we find that the trial court did not abuse its discretion in revoking Hawkins' community supervision and adjudicating his guilt. *See Rickels*, 202 S.W.3d at 763. We overrule Hawkins' third point of error.

Having overruled each of Hawkins' points of error, we affirm the judgment of the trial court.

AFFIRMED .

_____
CHARLES KREGER
Justice

12

Submitted on November 24, 2014
Opinion Delivered May 27, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.